# CV 12 3197

SLR:LDM:TYH
F.#2010R01934

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

          Plaintiff,

  - against-

TWO MILLION NINE HUNDRED
THOUSAND DOLLARS AND
NO CENTS IN UNITED STATES
CURRENCY ($2,900,000.00), AND
ALL PROCEEDS TRACEABLE THERETO,

         Defendant in rem.

- - - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

☆   JUN 27 2012

**STIPULATION OF SETTLEMENT
AND DECREE OF FORFEITURE**

CV -

**SPATT, J.**

      WHEREAS, on June 27, 2012, the United States filed a
verified complaint in rem, in the United States District Court
for the Eastern District of New York alleging that the above-
captioned funds, in the amount of two million, nine hundred
thousand dollars and no cents ($2,900,000.00) (the "Forfeited
Funds"), are identical to property found in the same place as
property which constitutes or is derived from proceeds traceable
to violations of 18 U.S.C. § 1952(a)(3), or a conspiracy to
commit the same offense, and, as a result of the foregoing, the
Forfeited Funds are subject to seizure and forfeiture to the
United States pursuant to 18 U.S.C. § 981(a)(1)(C);

Stipulation of Settlement and Decree of Forfeiture
U.S. v. $2,900,000.00, CV-

2

WHEREAS, no one, other than FalconStor Software, Inc. (the "FalconStor"), has asserted any claim or has any claim to the Forfeited Funds, and neither FalconStor nor the United States is aware of any other potential claimants to the Forfeited Funds; and

WHEREAS, Eli Oxenhorn, Chairman of the Board of Directors of FalconStor ("Oxenhorn"), is authorized to execute this stipulation as corporate representative for FalconStor, and Alan Vinegrad, Esq. is authorized to execute this stipulation as counsel;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1.    FalconStor consents to the jurisdiction of this Court.  FalconStor represents that it is the sole owner of the Forfeited Funds.  Oxenhorn further represents that he is fully authorized to execute this Stipulation of Settlement and all other documents necessary to effectuate the settlement of this action and the forfeiture to the United States of the Forfeited Funds.  FalconStor hereby waives any rights whatsoever to the Forfeited Funds upon their payment to the United States.

2.    The Forfeited Funds are hereby condemned and forfeited to the use and benefit of the United States of America, pursuant to 18 U.S.C. §§ 981(a)(1)(C).  FalconStor consents to

Stipulation of Settlement and Decree of Forfeiture
U.S. v. $2,900,000.00, CV-

3

the forfeiture of the Forfeited Funds.

3.    For the sole purpose of this Stipulation of
Settlement, FalconStor does not contest any of the allegations in
the Verified Complaint in rem, in particular, the United States'
allegations that the Forfeited Funds are identical to property
found in the same place as property which constitutes or is
derived from proceeds traceable to violations of 18 U.S.C. §
1952(a)(3), or a conspiracy to commit the same offenses and are
therefore subject to forfeiture pursuant to 18 U.S.C. §
981(a)(1)(C).

4.    The United States Marshal Service and its duly
authorized agents and/or contractors are hereby authorized to
dispose of the Forfeited Funds in accordance with all laws and
regulations.

5.    FalconStor waives its rights, if any, to use the
instant action or its settlement as a basis for any statutory or
constitutional defense in any other civil, criminal, or
administrative action, including, without limitation, venue,
defenses based upon the Double Jeopardy Clause of the Fifth
Amendment and the Excessive Fines Clause of the Eighth Amendment.
The government makes no representations as to the tax
consequences, if any, of the settlement of the instant action,
and does not release the FalconStor from any potential criminal,

Stipulation of Settlement and Decree of Forfeiture
U.S. v. $2,900,000.00, CV-

4

civil or administrative tax liability arising under Title 26, United States Code (Internal Revenue Code). This Stipulation does not resolve any issues of liability under Title 26 of the United States Code.

6. The Clerk of the Court shall forward four certified copies of this Stipulation of Settlement and Decree of Forfeiture to the FSA Paralegal Supervisor Carly Diroll-Black, Esq., and is directed to close this case.

Dated: Brooklyn, New York
June 27, 2012

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
Attorney for Plaintiff
271 Cadman Plaza East
Brooklyn, New York 11201

By: _____
TANYA Y. HILL
Assistant U.S. Attorney
(718) 254-6144

Dated: New York, New York
June 27, 2012

ALAN VINEGRAD, ESQ.
Covington and Burling LLP
620 Eighth Avenue
New York, NY 10018-1405

_____
ALAN VINEGRAD, ESQ.

Stipulation of Settlement and Decree of Forfeiture
U.S. v. $2,900,000.00, CV-

5

AGREED AND CONSENTED TO:

Eli Oxenhorn,
Chariman of the Board of Directors
FALCONSTOR SOFTWARE, INC.

On the    day of June, 2012, before me, the undersigned,
personally appeared _Eli Oxenhorn_____, personally known to me
or proved to me on the basis of satisfactory evidence to be the
individual whose name is subscribed to the within instrument and
acknowledged to me that he executed the same, and that by his
signature on the instrument, the individual executed the
instrument.

NOTARY PUBLIC

SO ORDERED:

Dated:    Brooklyn, New York
          June 22, 2012

UNITED STATES DISTRICT JUDGE

MAXWELL HENRI MOST
Notary Public - State of New York
NO. 01MO6253595
Qualified in Nassau County
My Commission Expires __7/27/15__

Stipulation of Settlement and Decree of Forfeiture
U.S. v. $2,900,000.00, CV-